UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID MICHAEL LANG,

                                    Plaintiff,                17-CV-917Sr

v.

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.

---

## DECISION AND ORDER

As set forth In the Standing Order of the Court regarding Social Security Cases subject to the May 21, 2018 Memorandum of Understanding, the parties have consented to the assignment of this case to the undersigned to conduct all proceedings in this case, including the entry of final judgment, as set forth in 42 U.S.C. § 405(g). Dkt. #11.

## BACKGROUND

Plaintiff applied for disability insurance benefits with the Social Security Administration ("SSA"), on January 24, 2016, alleging disability beginning January 1, 2013, when he was 39 years old, due to cervical stenosis at C5-6, myelomalacia, degenerative disc disease, radiculopathy, lumbar sprain, major depressive disorder, post traumatic stress disorder ("PTSD"), obsessive-compulsive disorder, carpal tunnel syndrome and anxiety. Dkt. # 5, p.177.

On January 3, 2017, plaintiff, represented by counsel, appeared and testified, along with an impartial vocational expert, Rachel Duchon, before Administrative Law Judge ("ALJ"), William Weir. Dkt. #5, pp.41-97. Plaintiff testified that he last worked operating machinery in July of 2015. Dkt. #5, pp.46 & 49-50. His job duties required him to walk back and forth from the machine, where he stood, to the testing area, where he could sit on a stool, every 15 minutes to weigh the product. Dkt. #5, p.51. He testified that this position was difficult on his hands and wrists, which experience intermittent numbness, constant, painful tingling and short bursts of intense pain, but that he left the position because of conflicts with his coworkers. Dkt. #5, pp.52 & 58. Typing and holding things such as a phone or utensils is difficult because of the numbness in his hands. Dkt. #5, pp.58-59. He is not able to drive long distances because his hands go numb and he can't feel the steering wheel. Dkt. #5, p.66. He is able to cut his lawn, but can't mow the front and back lawn in the same day because the vibration of the lawnmower makes his hands go numb. Dkt. #5, p.67. Plaintiff also complained of headaches caused by the cervical stenosis, explaining that his neck or shoulder would sometimes freeze, requiring him to take muscle relaxants for relief. Dkt. #5, pp.60-61. He has recently begun experiencing tingling and numbness in his legs, as well. Dkt. #5, p.76.

Plaintiff served in the Air Force from 1992-1996 and the Air National Guard in1997 before working as a military contractor, most recently teaching the Royal Saudi Air Force to maintain Low Altitude Navigation Targeting Infared for Night ("LANTERN") equipment in Qatar, Saudi Arabia, in 2014. Dkt. #5, pp.54-55 & 870.  He was terminated from that position after he said something he shouldn't have said to his

boss. Dkt. #5, pp.54 & 56-57. Plaintiff testified that his short fuse, depression, anxiety and inability to socialize were caused by PTSD from his time as a contractor in the Middle East. Dkt. #5, pp.53 & 81. He began counseling through the Veterans Administration, which has alleviated his symptoms of depression, anxiety and PTSD. Dkt. #4, p.65. Plaintiff does not like to be around a lot of people, but does leave his home for group therapy and to go out with his mother once a week. Dkt. #5, p.70.

When asked to assume, *inter alia*, that plaintiff is limited to light exertion and could only occasionally squat, crouch, crawl, kneel, handle, finger and feel, with incidental contact with the public and occasional contact with coworkers and supervisors, the vocational expert testified that plaintiff could perform the jobs of conveyor line bakery worker or ironer, both unskilled light positions. Dkt. #7, pp.88-90.

The ALJ rendered a decision that plaintiff was not disabled on April 25, 2017. Dkt. #5, p18.. The Appeals Council denied review on July 18, 2017. Dkt. #5, p.4. Plaintiff commenced this action seeking review of the Commissioner's final decision on September 14, 2017. Dkt. #1.

**DISCUSSION AND ANALYSIS**

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Substantial evidence is defined as "such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 496, 501 (2d Cir. 2009). If the evidence is susceptible to more than one rational interpretation, the Commissioner's determination must be upheld. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "Where an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner." *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998).

To be disabled under the Social Security Act ("Act"), a claimant must establish an inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 404.1505(a). The Commissioner must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520(a). At step one, the claimant must demonstrate that he is not engaging in substantial gainful activity. 20 C.F.R. § 404.1520(b). At step two, the claimant must demonstrate that he has a severe impairment or combination of impairments that limits the claimant's ability to perform physical or mental work-related activities. 20 C.F.R. § 404.1520(c). If the impairment meets or medically equals the criteria of a disabling impairment as set forth in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and satisfies the durational requirement, the claimant is entitled to disability benefits. 20 C.F.R. § 404.1520(d). If the impairment does not meet the criteria of a disabling impairment, the Commissioner considers whether the claimant has

sufficient residual functional capacity ("RFC"), for the claimant to return to past relevant work. 20 C.F.R. § 404.1520(e)-(f). If the claimant is unable to return to past relevant work, the burden of proof shifts to the Commissioner to demonstrate that the claimant could perform other jobs which exist in significant numbers in the national economy, based on claimant's age, education and work experience. 20 C.F.R. § 404.1520(g).

In the instant case, the ALJ made the following findings with regard to the five-step sequential evaluation: (1) although plaintiff had earned $113,700 in 2013, $32,300 in 2014 and $9,284 in 2015, plaintiff had not engaged in substantial gainful activity since January 1, 2013; (2) plaintiff's carpal tunnel syndrome, cervicalgia with radiculopathy, degenerative disc disease, major depressive disorder and PTSD constitute severe impairments; (3) plaintiff's impairments did not meet or equal any listed impairment; (4) plaintiff retained the RFC to perform light work with the following limitations: he can occasionally kneel, squat, crouch and crawl; occasionally handle, finger and feel; and could maintain incidental contact with the public and occasional contact with coworkers and supervisors; and (5) plaintiff could not perform his past relevant work as an avionics technician and quality control clerk, but retained the functional capacity to work in unskilled, light positions such as conveyor line bakery worker or ironer and was not, therefore, disabled within the meaning of the SSA. Dkt. #5, pp. 21-34.

Plaintiff argues that the ALJ's decision is not based upon substantial evidence because the RFC fails to incorporate any limitations with respect to plaintiff's

difficulty turning his neck. Dkt. #9-1, p.13.  Plaintiff also challenges the ALJ's failure to incorporate Dr. Ippolito's determination that plaintiff had moderate limitation in relations with others and marked limitation in dealing with stress. Dkt. #9-1, p.17.

The Commissioner responds that the ALJ reasonably determined that plaintiff retained the RFC for a range of light work without any limitation in neck motion. Dkt. #10-1, p.14. Specifically, the Commissioner responds that Dr. Figueroa's opinion that plaintiff had a mild limitation for activities requiring turning motions indicates that the limitation was minimal and did not require additional limitations on plaintiff's RFC. Dkt. #10-1, p.15.  The Commissioner argues that this determination is supported by other medical providers, as well as plaintiff's reports of activities of daily living. Dkt. #10-1, p.17. Moreover, the Commissioner argues that the ALJ acknowledged Dr. Ippolitio's limitation regarding stress, but noted that Dr. Ippolito also opined that plaintiff's mental impairments did not appear to be significant enough to interfere with his ability to function on a daily basis. Dkt. #10-1, p.19.

As set forth in the regulations, "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567.  Light work also requires a good deal of walking or standing or the ability to perform some pushing and pulling of arm or leg controls if the position involves sitting most of the time. 20 C.F.R. § 404.1567. Testimony from a vocational expert as to the effect of non-exertional limitations upon an individual's ability to perform a job at a particular exertional level is only required where the nonexertional limitations

significantly limit the range of work permitted by the exertional limitations. *Lewis v. Colvin*, 548 Fed. Appx 675, 678 (2d Cir. 2013), *quoting Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010). A nonexertional impairment is significantly limiting when it so narrows a plaintiff's possible range of work as to deprive him of a meaningful employment opportunity. *Id., quoting Zabala*, 595 F.3d at 410-11.

The ALJ gave significant weight to the opinion of the consulting examining physician that plaintiff has a mild limitation for activities requiring turning motions of the neck. Dkt. #5, p.32. This opinion is supported by medical evidence demonstrating that plaintiff was "[e]ssentially asymptomatic" with minimal pain in his neck (Dkt. #5, p.311); reported minimal pain in his neck with relief from stretching (Dkt. #5, p.316); exhibited minimal pain and normal cervical spine range of motion with an "almost normal neurologic exam" and very high functioning with minimal reduction in ADL's (Dkt. #5, pp.317-319); noted considerable relief in neck symptoms with reduced pain and increased mobility (Dkt. #5, p.320); was encouraged to exhibit less caution with casual cervical mobility (Dkt. #5, p.401); demonstrated an almost normal neurologic, sensory and motor exam (Dkt. #5, p.327); an almost normal neurologic, sensory and motor exam with normal cervical spine Range of Motion (Dkt. #5, pp.406-407); and was doing well with conservative care (Dkt. #5, p.541). Such evidence is consistent with plaintiff's activities of daily living, *to wit*, driving short distances, mowing his lawn, cooking, cleaning, doing laundry and shopping for groceries (Dkt. #5, pp. 66-67, 334), and does not suggest that plaintiff's mild limitation for activities requiring turning motions of the neck would have a significant impact upon plaintiff's ability to perform light work.

The ALJ also gave significant weight to the opinion of the consulting examining psychologist that plaintiff had moderate limitations relating adequately with others and marked limitations appropriately dealing with stress, noting that the psychologist concluded that such limitations did not appear to be significant enough to interfere with the plaintiff's ability to function on a daily basis. Dkt. #5, p.32. In light of the opinion that plaintiff's limitations did not interfere with his daily functioning, the ALJ did not err in failing to specifically incorporate them into his RFC. *See Chamberlin v. Colvin*, 14-CV-1073, 2016 WL 3912531, at *3 (W.D.N.Y. July 20, 2016) (ALJ did not err in failing to incorporate stress limitation in RFC where medical provider found only minimal limitations on plaintiff's ability to perform work-related functions).

## CONCLUSION

Based on the foregoing, plaintiff's motion for judgment on the pleadings (Dkt. #9), is denied and the Commissioner's motion for judgment on the pleadings (Dkt. #10), is granted.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

**DATED:** Buffalo, New York
June 12, 2019

                                         *s/ H. Kenneth Schroeder, Jr.*
                                         **H. KENNETH SCHROEDER, JR.**
                                          **United States Magistrate Judge**